Filed 6/7/24  P. v. Johnson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TYRONE JOHNSON,<br><br>    Defendant and Appellant. | F086571<br><br>(Super. Ct. No. BF171276A)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P. J., Peña, J. and Snauffer, J.

Appellate counsel for defendant Tyrone Johnson has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated February 13, 2024, we also invited defendant to submit additional briefing. While defendant asked for and received an extension of time to submit additional briefing, he did not file a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

An information consolidated two separate criminal cases brought against defendant and a codefendant on April 5, 2022.[1] The amended consolidated information charged defendant with murder (Pen. Code,[2] § 187, a felony; count 1), assault with a semiautomatic weapon (§ 245, subd. (b), a felony; counts 2, 4 & 6), attempted murder (§§ 664/187, subd. (a), a felony; counts 3 & 5), entering an inhabited dwelling to commit larceny or any felony (§ 460, subd. (a), a felony; count 7), being a felon in possession of a firearm (§ 29800, subd. (a)(1), a felony; counts 8 & 10), escape from a justice facility (§ 4532, subd. (b)(1), a felony; count 11), evasion in a motor vehicle (Veh. Code,

---

[1] The original felony complaint was filed against defendant and two codefendants on February 15, 2018. While in custody, defendant and one codefendant escaped from the facility they were housed in while awaiting trial. The amended consolidated information addressed the new charges related to the escape. No codefendant is part of this appeal.

[2] All further statutory references are to the Penal Code, unless otherwise specified.

2

§ 2800.2, a felony; count 12), carrying a loaded firearm in a public place (§§ 12000–12101, a felony; count 13), and obstructing a police officer (§ 148, subd. (a)(1), a misdemeanor; count 14).

Additional enhancing or aggravating allegations were also attached to each count. Specifically, for counts 1, 3, and 5, the additional allegations stated defendant used a method described in section 189, subdivisions (a) through (i) to commit the murder, defendant committed the crime to further a criminal street gang (§ 186.22, subd. (b)(1)), that he personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), and that a principal personally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d) & (e)(1)). For count 1 only, it was further alleged the murder was committed during a residential burglary (§ 190.2, subd. (a)(17)(G)), and/or to further a criminal street gang (§ 190.2, subd. (a)(22)). For counts 2, 4, 6, 7, 8, and 10, the additional allegations stated the crimes were committed to further a criminal street gang (§ 186.22, subd. (b)(1)). As to counts 2, 4, 6, and 7, the allegations stated defendant personally used a firearm (§ 12022.5, subd. (a)). For counts 2, 4, and 6, the allegations stated defendant personally caused great bodily injury (§ 12022.7). Attached to count 7 only, were allegations that another person was present during the crime (§ 667.5, subd. (c)(21)). Finally, the amended consolidated information alleged defendant suffered two strike prior convictions (§ 667, subds. (c)–(j) and § 1170.12, subds. (a)–(e)) and had served two prior prison terms within the meaning of section 667.5, subdivision (a).

On August 16, 2022, count 15 was added to the amended consolidated information alleging voluntary manslaughter (§ 192, subd. (a), a felony), along with an enhancement for the personal use of a firearm (§ 12022.5, subd. (a)). On this same date, after the amended consolidated information was further amended, defendant pled no contest to counts 3 (attempted murder), 5 (attempted murder), 11 (escape), and 15 (voluntary manslaughter). Defendant also admitted the gun use enhancement attached to count 15,

3

and other alleged sentencing factors, including two prior strike convictions. The remaining counts and other allegations contained in the amended consolidated information were then dismissed.

On October 5, 2022, the trial court granted defendant's *Romero* motion and struck one of the strike prior convictions for purposes of sentencing. The court then sentenced defendant to the upper term of 11 years, doubled to 22 years for count 15, plus a term of 10 years for the gun enhancement. The court further imposed consecutive terms of four years eight months each for counts 3 and 5, and another consecutive term of 16 months for count 11. This resulted in a total sentence of 42 years eight months in prison. Finally, the court imposed the customary fines and fees, and calculated defendant's presentence credits.

After defendant learned his trial counsel did not file a notice of appeal on his behalf, he attempted to file one on his own with the superior court. After that filing was rejected as untimely, defendant filed a petition for a writ of habeas corpus with this court seeking permission to file a belated appeal. On July 13, 2023, this court granted defendant's request to file a belated appeal, agreeing with the People that he had made a prima facie showing that he relied on trial counsel's express assurances a notice of appeal would be filed.[3] Defendant's notice of appeal with a request for the issuance of a certificate of probable cause was filed with the superior court on that same date. Defendant's request for the issuance of a certificate of probable cause was also granted on that same date. Defendant is alleging he received ineffective assistance of counsel because he did not receive the sentence he was led to believe he would receive by his

---

[3]     On October 31, 2023, this court issued an order taking judicial notice of the petition filed by defendant in this court. (*In re Johnson* (July 13, 2013, F085993) [nonpub. opn.].)

4

attorney. Defendant also believes his plea was defective because it was not voluntarily and knowingly made.

<h2 style="text-align:center"><u>FACTUAL SUMMARY</u></h2>

On November 10, 2017, police found a pregnant woman and her five-year-old son outside an apartment with gunshot wounds. The officers then discovered a third victim, a three-year-old male in the bedroom of an apartment with a gunshot wound to his chest. Based on statements made at sentencing, defendant and another individual broke into the apartment inhabited by the mother and her two young children, then entered a bedroom where the mother and her two children were watching videos. Gunfire soon broke out. Defendant admitted when changing his plea to no contest, that his use of a firearm resulted in the death of one individual (the three-year-old child), and the injury of two others (the mother and her five-year-old son).

During the same hearing, defendant also admitted that on April 28, 2021, he escaped from a correctional facility while awaiting trial.

<h2 style="text-align:center"><u>DISCUSSION</u></h2>

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.) We, however, address two issues raised by defendant when making his request for a certificate of probable cause.

1.  *The Sentence Imposed*

We first address defendant's contention he received a sentence that was different from the one his attorney led him to believe he would receive. When defendant entered his plea of no contest to the four counts, the trial court stated the following:

> "It's my understanding you're going to plead to Count 15, voluntary manslaughter … with personal use of a firearm, you're going to admit the prior strikes, you're going to admit the factors in aggravation.

5

"You would also be pleading guilty or no contest to Counts 3 and 5, both of those are attempted murder charges under Penal Code 664[/]187(a), and Count 11, an escape charge under Penal Code 4532(b)(1), one of the two prior strikes will be stricken at sentencing. On the manslaughter charge with the personal use of a firearm, that's going to be 32 years; is that right?

"[PROSECUTOR]: Correct.

"THE COURT: And the remaining counts will be one-third the midterm, doubled, consecutive, for a total of 42 years, eight months in the Department of Corrections.

"Is that what you understood and agreed to, [defendant]?

"[DEFENDANT]: Yes, ma'am."

Later in the hearing, the attorneys stipulated there was a factual basis for the plea entered by defendant, after which the court made a finding defendant had made a knowing and intelligent waiver of his rights when entering the plea. Defendant did not challenge these statements by the attorneys, or the conclusion reached by the court.

When actually imposing the sentence on October 5, 2022, the trial court referenced the fact defendant would be receiving a sentence of 42 years eight months as the reason it was appropriate to strike one of the prior strike allegations. Later, after selecting sentences for each count, the court stated that when added together the "total fixed term" would consist of 42 years eight months. Again, defendant registered no objection to the sentence imposed by the court.

A "trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Based upon our review of the entire record relevant to sentencing in the context of the actual sentence imposed, we cannot conclude the trial court abused its discretion.

6

2.      *The Validity of Defendant's Plea*

In his notice of appeal, defendant stated he sought a certificate of probable cause for ineffective assistance of counsel because he did not receive the sentence his attorney led him to believe he would receive.  As a result, defendant believes his plea was not voluntarily and knowingly made.

We have already addressed the objective validity of the sentence imposed above. With respect to defendant's claim the plea was not voluntary or with knowledge of the consequences, we must reject that contention as well.  First, the record reveals that when accepting the plea, the trial court noted the 42-year eight-month sentence before going through a list of potential consequences with defendant.  Defendant acknowledged he understood these rights and was giving up each right outlined by the court.

Turning to defendant's contention that his acceptance of the plea agreement was due to the ineffective assistance of counsel, we must also reject that claim based on the record before us.  "On direct appeal, a conviction will be reversed for ineffective assistance [of counsel] only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)  Our review of the record submitted in this appeal fails to disclose evidence supporting any of the standards set out in *Mai*.

## DISPOSITION

The judgment is affirmed.

7